UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LEE PAKIESER and
AMERICAN NURSES ASSOCIATION,

        Plaintiffs,

vs.

Case No. 08-CV-14219
HON. GEORGE CARAM STEEH

MICHIGAN NURSES ASSOCIATION,

        Defendant.

_____/

ORDER DISMISSING OCTOBER 7, 2008 SHOW CAUSE ORDER (#5)

      Defendant Michigan Nurses Association (MNA) was ordered on October 7, 2008 to show cause by October 17, 2008 why this matter should not be remanded to the Oakland County Circuit Court for lack of federal question jurisdiction. MNA removed the lawsuit to federal court on October 3, 2008 based on the alleged preemptive effect of the federal Labor Management Relations Act (LMRA), 29 U.S.C. § 185 and resulting federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs Mary Lee Pakieser and American Nurses Association (ANA) seek declaratory and injunctive relief that MNA's 2006 by-laws violate ANA's by-laws and M.C.L. § 450.2304(3) of Michigan's Nonprofit Corporations Act, M.C.L. § 450.2301, et seq., by denying all MNA members the right to vote and, particularly, the right to vote on MNA's disaffiliation with ANA. MNA filed a timely response to the show cause order on October 17, 2008. Pakieser and ANA filed a timely response to MNA's response as was permitted under the show cause order.

      As previously recognized by this court, intra-union matters are preempted on the same terms as are labor-management matters. Tisdale v. United Ass'n of Journeymen,

25 F.3d 1308, 1310, 1311 (6th Cir. 1994) (citing United Ass'n of Journeymen v. Local 334, 452 U.S. 615, 627 (1981) for the proposition that § 301 of the LMRA covers intra-union agreements, including union constitutions)). At the same time, a lawsuit that does not center on a labor contract such as a collective bargaining agreement or union constitution it is not preempted by the LMRA. Id. at 1310-11 (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 396 n.10 (1987)). If the plaintiff "invokes a right created by a collective bargaining agreement [or union constitution], the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option." Id. at 1311 (quoting Caterpillar, 482 U.S. at 398-99 (emphasis in original)).

Plaintiffs Pakieser and ANA invoke a right created by ANA by-laws. The United States Supreme Court in United Ass'n of Journeymen held that a suit brought by a local union against its parent international union, alleging a violation of the international union's constitution, fell within the federal district court's jurisdiction because a union constitution is a "contract" as envisioned under § 301(a), which provides that federal district courts enjoy jurisdiction over "suits for violation of contracts . . . between any . . . labor organizations[.]" United Ass'n of Journeymen, 452 U.S. at 616, 619 (quoting 29 U.S.C. § 185(a)). See also Parks v. International Brotherhood of Electrical Workers, 314 F.2d 886, 917 (4th Cir. 1963) (finding district court had federal jurisdiction pursuant to § 301(a) over local union's suit against international union for wrongful revocation of charter because union constitution fell within the definition of a "contract" under § 301(a)). Based on the pleadings and responses filed by the parties, the court is persuaded that the ANA by-laws likewise fall within the definition of a § 301(a) "contract." The parties do not dispute that ANA and MNA are both "labor organizations" for purposes of § 301(a). Plaintiffs Pakieser and ANA have thus chosen to plead federal claims by invoking their rights under the ANA by-laws, and removal of these claims by MNA was proper. Tisdale, 25 F.3d at 1311. The

court exercises supplemental jurisdiction over Pakieser's and ANA's claims invoking rights under Michigan statute M.C.L. § 450.2304(3). <u>See</u> 28 U.S.C. § 1367(a). Accordingly,

The court's October 7, 2008 Order requiring defendant MNA to show cause is hereby DISMISSED.

SO ORDERED.

Dated: November 10, 2008

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 10, 2008, by electronic and/or ordinary mail.

<u>s/Marcia Beauchemin</u>
Deputy Clerk