# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MARY LEE PAKIESER and**
**AMERICAN NURSES**
**ASSOCIATION,**               **CIVIL ACTION NO. 08-CV-14219-DT**

      **Plaintiffs,**      **DISTRICT JUDGE GEORGE CARAM STEEH**

  vs.                    **MAGISTRATE JUDGE MONA K. MAJZOUB**

**MICHIGAN NURSES**
**ASSOCIATION,**

      **Defendant.**
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOCKET NO. 20)

This matter comes before the Court on Defendant's Motion to Compel Production of Documents filed on September 30, 2009. (Docket no. 20). Plaintiffs have responded to the motion. (Docket no. 29). The Defendant filed a Reply Brief. (Docket no. 30). The parties have filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 31). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 26). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling.

Plaintiffs filed an action for declaratory and injunctive relief and damages after Defendant allegedly adopted bylaws in violation of Plaintiff ANA's bylaws and the Michigan Non-Profit Corporation Act. (Docket no. 14). Defendant served its First and Second Requests for Production

1

of Documents to Plaintiffs on January 26, 2009 and July 16, 2009. (Docket no. 20). In response to the document requests Plaintiffs produced nearly 10,000 pages of documents. Of these documents, forty contained redactions based on the attorney-client privilege. Plaintiffs also produced a second amended and supplemental privilege log that itemizes the redacted pages by Bates numbers, provides a description of the redacted information, and identifies the parties to the communications.

On September 30, 2009 Defendant filed the instant Motion to Compel. Defendant argues that Plaintiffs' second amended and supplemental privilege log is inadequate in relation to documents bearing Bates numbers 6534-6541, identified as item no. 1 on the privilege log. Defendant further argues that Plaintiffs failed to satisfy their burden of showing that the attorney-client privilege attaches to the redacted information. Defendant asserts that even if the attorney-client privilege attaches to the redacted information, Plaintiffs have waived the privilege by disclosing the information to third parties.

The court applies federal common law to resolve attorney-client claims in a federal question case. *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998). The purpose of the attorney-client privilege is to promote full and frank communications between attorneys and their clients. *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005). The privilege applies to communications where (1) legal advice of any kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Reed v. Baxter*, 134 F.3d at 355-56. The "attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties."

*In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002) (citation and internal quotation marks omitted).

The majority of the redacted documents at issue consist of Plaintiff ANA's Board of Directors meeting minutes. Plaintiffs redacted communications described as "legal advice" provided by Plaintiff ANA's General Counsel to Plaintiff ANA's Board of Directors and staff from documents identified as item numbers 2-5, 7-12, 14, 16-20, and 22-40 on the second amended and supplemental privilege log. Plaintiffs also redacted "requests for legal advice" made by Plaintiffs' Board of Directors and staff to Plaintiffs' General Counsel from documents identified as item numbers 19, 21, 33, and 34. Documents identified as item numbers 6 and 15 were redacted to exclude information provided to Plaintiffs' outside counsel or General Counsel to assist counsel in providing legal advice or assist counsel in drafting modifications to Plaintiffs' existing bylaws. Finally, a memorandum of law regarding the issue of insulation under the National Labor Relations Act drafted for Plaintiff ANA members, and a briefing paper from Plaintiffs' General Counsel to the Board of Directors and staff analyzing Defendant's compliance with Plaintiffs' bylaws, were withheld in their entirety and identified on the second amended and supplemental privilege log as item numbers 1 and 13 respectively.

The Defendant filed copies of the redacted documents with its Motion to Compel. The Court has reviewed the redacted documents along with the second amended and supplemental privilege log and concludes that the Plaintiffs have met their burden of showing that the information redacted from item numbers 2-5, 7-14, and 16-40 is privileged and protected from disclosure if the privilege has not been waived. The Court concludes that Plaintiffs have not met their burden of showing that the attorney-client privilege attaches to item numbers 1, 6, and 15.

3

Item no. 1 is a blank document, fully redacted and described as a memorandum of law regarding the issue of insulation under the National Labor Relations Act.  There is no indication on the document itself or on the second amended and supplemental privilege log that the document contains legal advice to the client or that the communication was meant to remain confidential. When viewed in conjunction with the second amended and supplemental privilege log, the Court is unable to determine whether the document in its entirety is protected from disclosure under the attorney-client privilege.  Hence, Plaintiffs have failed to meet their burden with regard to this communication.

Redactions made to item numbers 6 and 15 relate to information provided to Plaintiffs' outside counsel to assist him in providing legal advice or to assist him in drafting modifications to Plaintiffs' bylaws.  Communications made by a client to their attorney for the purpose of acquiring legal advice are protected by the attorney-client privilege.  The privilege however does not protect disclosure of the underlying facts.  The Court is unable to determine from the second amended and supplemental privilege log and the redacted documents the nature of the information redacted in item numbers 6 and 15 so as to determine whether that information is protected from disclosure under the attorney-client privilege.  Therefore, the Plaintiffs have not met their burden of showing that item numbers 6 and 15 are privileged.

Having concluded that a privilege attaches to the information redacted in item numbers 2-5, 7-14, and 16-40 absent waiver, the Court turns to the question of whether the Plaintiffs waived their privilege by disclosing the information to third parties.  The Plaintiffs' second amended and supplemental privilege log shows that the communications at issue in the instant motion were disclosed to Plaintiffs' Board of Directors and staff.  Staff members representing a variety of

disciplines participated in the Board of Directors meetings, including Leadership and Library Services, Office of Technology, Communications, Government Affairs, Center for Occupational and Environmental Health, Marketing, and others. The meeting minutes reflect that guests and a Constituent Assembly Representative were frequently in attendance. The second amended and supplemental privilege log shows that disclosures of information were at times made to Plaintiff ANA members, various committee members, temporary staff, and state nursing association representatives, among others.

Plaintiffs submitted an affidavit from its General Counsel in opposition to the Defendant's Motion to Compel. The affidavit states that when General Counsel provides legal advice to the Board of Directors "third parties and members of the ANA staff that do not need to know the legal advice being sought or provided are not permitted to participate in the portion of the meetings where those discussions take place." (Docket no. 29, ex. 3). The affidavit does not state that the excluded individuals are asked to leave the room or otherwise state in what manner the excluded individuals are prevented from participating in the discussion.

Except with respect to one instance, a review of the meeting minutes does not show that participants left the room when privileged communications were shared at meetings. Item no. 26 on the second amended and supplemental privilege log pertains to the Michigan Peer Committee. The minutes of the meeting at which this issue was discussed show that when the topic turned to Michigan Peer Review, two members from Michigan "returned materials related to this issue to the president and left the room." No other individuals appeared to have been dismissed from the room during that conversation. The meeting minutes do not indicate whether the individuals returned to the meeting following the confidential discussion. Similar notations indicating that individuals left

5

the room before confidential material was shared are not found in the meeting minutes with regard to the remainder of the redacted materials. Indeed, the meeting minutes appear to be devoid of any indication that individuals were not permitted to participate, and more to the point, that individuals were asked to leave the room before confidential discussions were initiated on the matters at issue in this motion.

The Plaintiffs' affidavit, when read in conjunction with the redacted documents, does not adequately establish that the communications in issue were not voluntarily disclosed to third parties. The Court is therefore unable to determine whether Plaintiffs waived their privilege with regard to the communications at issue in this motion. The Court will therefore order the Plaintiffs to either produce to the Defendant the unaccounted for documents, or produce to the Defendant a Third Amended Privilege Log which is sufficiently specific to permit the Defendant to assess whether the privilege has been waived by Plaintiffs' disclosure to third parties. If a Third Amended Privilege Log is produced, Plaintiffs should indicate whether each individual present in the meeting during the privileged communication is a person authorized to speak on behalf of the organization and receive confidential information related to the subject matter of the communication. The Plaintiffs must also state with specificity which individuals were dismissed from the room during privileged communications if they were among those individuals who were not authorized to participate in the privileged discussion. In its Third Amended Privilege Log, Plaintiffs may amend their description with respect to item numbers 1, 6, and 15 to justify why these documents are privileged and show whether the privilege was waived as to these documents.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Compel Discovery (docket no. 20) is **GRANTED** in part. Plaintiffs will produce to the Defendant on or before December 31,

2009 the unaccounted for documents, or produce on or before December 31, 2009 a Third Amended Privilege Log which is sufficiently specific to permit the Defendant to assess whether the privilege has been waived by Plaintiffs' disclosure to third parties. If a Third Amended Privilege Log is produced, Plaintiffs are ordered to state whether each individual present in the meeting during the privileged communication is a person authorized to speak on behalf of the organization and receive confidential information related to the subject matter of the communication. The Plaintiffs are also ordered to state with specificity which individuals were dismissed from the room during privileged communications if they were among those individuals who were not authorized to participate in the privileged discussion. In its Third Amended Privilege Log, Plaintiffs may state with specificity whether the privilege attaches to item numbers 1, 6, and 15, and if so, whether the privilege was waived as to these documents. The remainder of Defendant's Motion to Compel is **DENIED** without prejudice, including the request for attorneys fees. Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

**IT IS FURTHER ORDERED** that discovery will close on January 18, 2010. All other dates set forth in the Second Stipulated Amended Scheduling Order (docket no. 27) will remain in effect.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 18, 2009         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 18, 2009            s/ Lisa C. Bartlett
                                    Case Manager