UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LEE PAKIESER and
AMERICAN NURSES
ASSOCIATION,                          CIVIL ACTION NO. 08-CV-14219-DT

        Plaintiffs,                  DISTRICT JUDGE GEORGE CARAM STEEH

    vs.                            MAGISTRATE JUDGE MONA K. MAJZOUB

MICHIGAN NURSES
ASSOCIATION,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANT (DOCKET NO. 39), DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANT'S FIFTH REQUEST FOR ADMISSIONS TO PLAINTIFFS (DOCKET NO. 41), TERMINATING PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES (DOCKET NO. 38), AND ORDERING SUMMARY JUDGMENT RECORDS TO BE REFILED UNSEALED AND IN THE TRADITIONAL MANNER (DOCKET NO. 57)**

This case comes before the Court on four motions. The first motion is Plaintiffs' Motion to Compel Answers to Interrogatories filed on December 31, 2009. (Docket no. 38). The second motion is Defendant's Motion for Protective Order regarding Plaintiffs' Notice of Deposition of Defendant, filed on December 31, 2009. (Docket no. 39). The third motion is Plaintiffs' Motion for Protective Order Regarding Defendant's Fifth Request for Admissions (docket no. 41), filed on January 11, 2010 in response to the Defendant's Motion for Protective Order. The fourth motion is Defendant's Motion to Unseal Summary Judgment Records filed on February 11, 2010. (Docket no. 57). The parties filed responses to all of the motions other than the Defendant's Motion to

1

Unseal. (Docket nos. 40, 41). In addition, the Defendant filed a Reply Brief in support of its Motion for Protective Order. (Docket no. 42).

On February 22, 2010 the parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 59). The Joint Statement provides that the Plaintiffs withdraw their Motion to Compel Answers to Interrogatories and stipulate to unseal all of the summary judgment records filed under seal. Thus, the only matters in need of resolution are the parties' Motions for Protective Orders. (Docket nos. 39, 41). All pretrial discovery matters have been referred to the undersigned for decision. (Docket no. 26). The Court heard oral argument on the motions on March 3, 2010. These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

**Defendant's Motion for Protective Order**

On December 30, 2009 Plaintiffs served Defendant with a Notice of Taking Deposition of Defendant. The deposition notice states that the Plaintiffs will take the deposition of Defendant's corporate representative on January 14, 2010 on issues related to the Defendant's bylaw amendments and its decision to disaffiliate from Plaintiff ANA. (Docket no. 39, ex. 1). On December 31, 2009, the Defendant filed the instant Motion for Protective Order Regarding Plaintiffs' Notice of Deposition of Defendant.

Defendant argues in its motion that the deposition is intended to harass the Defendant. (Docket no. 39). Defendant avers that the parties have had multiple extensions of the discovery cutoff date, and have engaged in extensive discovery throughout the pendency of this litigation. Defendant states that the Plaintiffs have previously deposed three of the Defendant's witnesses, including Defendant's former President and Board member, Diane Goddeeris; Defendant's Executive Director of Labor Relations and Governmental Affairs, John Karebian; and Defendant's

Executive Director for Nursing Practice, Thomas Bissonnette. (Docket no. 39). Defendant contends that John Karebian is designated as the corporate executive who would be offered for deposition pursuant to Plaintiffs' most recent deposition notice; Mr. Karebian has already been deposed once by the Plaintiffs in this matter. (Docket no. 42). Finally, Defendant argues that on December 18, 2009 the discovery deadline was extended to January 18, 2010 for the limited purpose of allowing the Defendant the opportunity to respond to documents the Plaintiffs might produce in response to the Defendant's earlier motion to compel.

In response to the Defendant's instant Motion for Protective Order, Plaintiffs argue that their Notice of Deposition was timely because it was served before the January 18, 2010 discovery cutoff date. Plaintiffs acknowledge that they have previously deposed the Defendants' corporate executives, but state that these deponents were not designated as Rule 30(b)(6) designees at the time of the earlier depositions. Finally, Plaintiffs assert that the noticed deposition is necessary because John Karebian filed an extensive affidavit in support of the Defendant's motion for summary judgment (docket no. 49) which addresses issues that were not raised by Plaintiffs in Mr. Karebian's previous deposition.

The Court finds that the Defendant has demonstrated good cause for issuance of a protective order with regard to the Plaintiffs' Notice of Deposition of Defendant. The parties have received three extensions of the discovery deadline, have engaged in extensive discovery during this case, and have had ample opportunity to take depositions. The Plaintiffs have previously deposed three of the Defendant's corporate representatives, including the current Rule 30(b)(6) designee. Discovery has closed and the dispositive motion deadline has passed. In addition, both parties have filed motions for summary judgment which are currently pending before the Court.

The Court is not persuaded that an affidavit filed in support of a motion for summary judgment creates a need for an additional deposition in this case. The Defendant's Motion for Protective order will be granted as to the noticed deposition discussed herein.[1] Defendant has offered to designate the previous depositions of Thomas Bissonnette or John Karebian as the Rule 30(b)(6) deposition. Therefore Plaintiffs may designate one or both of these depositions accordingly as they deem necessary. Defendant seeks an award of costs and attorney fees incurred in bringing this Motion. The Court will decline to award costs at this time.

**Plaintiffs' Motion for Protective Order**

Plaintiffs filed a response in opposition to the Defendant's Motion for Protective Order asking the Court to deny the Defendant's motion or, in the alternative, grant them a protective order related to Defendant's Fifth Request for Admissions. (Docket no. 41). Plaintiffs argue that if this Court determines that Plaintiffs' December 31, 2009 Notice of Deposition is untimely, then Defendant's Fifth Request for Admissions is also untimely. (Docket no. 41). In response, Defendant argues that requests for admissions are not a general discovery device and therefore do not need to be filed within the discovery cutoff period. (Docket no. 42).

Defendant's Fifth Request for Admissions was served on Plaintiffs on December 22, 2009, before the January 18, 2010 discovery deadline expired. The requests are therefore timely. Plaintiffs have not responded to the requests. Furthermore, Plaintiffs have not demonstrated that they will be unduly annoyed, burdened, harassed, or embarrassed by the requests. The Court finds

---

[1]Defendant moves the Court for a broad protective order prohibiting the Plaintiffs from engaging in any discovery unrelated to the unresolved issues addressed in the Defendant's previous motion to compel. (Docket no. 39, at 2). The Court is unaware of other discovery disputes between the parties and discovery is now closed. Nevertheless, this order is limited in scope to the deposition discussed in this Order.

that there is no basis for granting Plaintiffs' Motion for Protective Order.

Plaintiffs provided the Court with a copy of the Defendant's Fifth Request for Admissions containing eight requests. (Docket no. 41, ex. 1). The Plaintiffs are ordered to respond to the requests without objection on or before March 24, 2010.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order Regarding Plaintiffs' Notice of Deposition of Defendant (docket no. 39) is **GRANTED** as to the deposition discussed herein. Plaintiffs may designate the previous deposition of Thomas Bissonnette or John Karebian as the Rule 30(b)(6) deposition.

**IT IS FURTHER ORDERED** that Defendant's request for an award of costs and attorney fees incurred in bringing its Motion for Protective order is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order Regarding Defendant's Fifth Request for Admissions to Plaintiffs (docket no. 41) is **DENIED**. The Plaintiffs are ordered to respond fully to the Defendant's Fifth Request for Admissions without objection by March 24, 2010.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Answers to Interrogatories filed on December 31, 2009 (docket no. 38) is terminated.

**IT IS FURTHER ORDERED** that the Defendant will refile the following Summary Judgment records unsealed and in the traditional manner: Exhibits 1 (Admissions Exs. 3, 4 and 17), 5, 6, 8, 9, 10, 11, portions of Betty Whitaker's deposition transcript and Deposition Exhibits 54-62, 65, 66, 69-71, 73-79, and 83-86, filed in support of Defendant's Motion for Summary Judgment of All Remaining Federal Claims (docket no. 49); portions of Betty Whitaker's deposition transcript and Deposition Exhibits 55-60 (docket nos. 51, 52), filed in support of Defendant's Motion for

Partial Summary Judgment Based on Defendant's 14th Affirmative Defense (docket no. 50); and Exhibit 14 (docket no. 54) of Plaintiffs' Motion for Summary Judgment. (Docket no. 53).

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 08, 2010            s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 08, 2010            s/ Lisa C. Bartlett
                                               Case Manager